IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **REGINALD G. MOFFITT**, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No.: PWG-14-3975 |
| **ASSET MANAGEMENT WEST 18, LLC**, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OPINION

Plaintiffs Reginald and Rowena Moffitt took out a loan against their residence, 7409 Allentown Road in Fort Washington, Maryland (the "Property"), evidenced by a note (the "Note") and secured by a deed of trust recorded against the Property.[1] When Plaintiffs defaulted on the loan, Defendant Carrie Ward was appointed as substitute trustee (the "Trustee"), and she and former co-defendant BWW Law Group LLOC instituted foreclosure proceedings in the Circuit Court for Prince George's County. The loan was assigned to Defendant Asset Management West 18, LLC ("Asset Management"), and the foreclosure sale was scheduled for December 22, 2014.

---

[1] Because Plaintiffs did not plead or otherwise provide a clear account of the underlying factual history of their claims, I am relying on Defendants' presentation of the factual background, which Plaintiffs did not contest, *see* Asset Mgmt.'s Mem. 1–2, ECF No. 22-1; Pls.' Opp'n, ECF No. 27, as well as the state court docket for the foreclosure proceeding in the Circuit Court for Prince George's County, *Geesing v. Moffitt*, No. CAE12-14468, *see* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=CAE1214468&loc=65&detailLoc=PGV, of which I take judicial notice. *See* Fed. R. Evid. 201(b)(2).

Plaintiffs, who are self-represented, filed a multi-count complaint in this Court against six defendants on December 19, 2014, initially seeking, without success, to enjoin the foreclosure sale. Compl., ECF No. 1; Order Denying Mot. to Stay, ECF No. 3. Over the course of the past ten months, as further detailed below, Plaintiffs have refined their pleadings in response to deficiencies that the defendants identified. What remains are claims against Asset Management and the Trustee for alleged violations of the Fair Debt Collection Practices Act ("Debt Collection Act"), 15 U.S.C. § 1692 *et seq.*, as well as a claim against Asset Management for replevin. Currently pending are two motions, with memoranda in support, to dismiss these claims. ECF Nos. 22, 22-1, 26, 26-1.[2] Because Plaintiffs fail to state a claim under the Debt Collection Act or for replevin, I will grant Defendants' motions and dismiss this case.

## I. PROCEDURAL BACKGROUND

Plaintiffs' original complaint alleged that the Trustee, Asset Management, BWW Law Group LLC ("BWW"), Tayyaba Monto, Kondaur Capital Corporation ("Kondaur"), West Coast Servicing Inc. ("West Coast"), and John Does 1–10 violated the Debt Collection Act and the Real Estate & Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* Compl. 1–29. Additionally, it included a claim against Asset Management for replevin. *Id.* at 31. I issued a Case Management Order on December 23, 2014 that stated, *inter alia*, that no party could file a motion without first requesting a pre-motion conference with the Court. ECF No. 4.

Defendants Asset Management and West Coast filed a pre-motion conference request, asserting that they could not "discern the factual predicate for any of the claims against" them and seeking to file a motion for more definite statement. ECF No. 6. The letter request specified

---

[2] Plaintiffs filed a response, ECF No. 27, and Defendants filed a joint reply, ECF No. 34. A hearing is not necessary. *See* Loc. R. 105.6.

that the complaint "provide[d] no factual information regarding any implicitly or explicitly alleged communications" and "set[] forth no time frame, no manner, no specific content, and perhaps most importantly, no indication of who allegedly made or received any communication." *Id.* Defendants Tayyaba Monto, BWW and the Trustee joined the request, reiterating the same deficiencies. ECF No. 8.

I scheduled a pre-motion conference call for February 9, 2015 with regard to the proposed motions for more definite statement. ECF Nos. 13, 16, 17. Before the conference call and with the benefit of Defendants' letter requests that identified Plaintiffs' pleading deficiencies, Plaintiffs filed a Motion for Leave to File Amended Complaint. ECF No. 19. They filed their motion without requesting a pre-motion conference, in violation of the Case Management Order. Nonetheless, in the February 9, 2015 conference call, I granted Plaintiffs' motion to amend, accepting their proposed amended complaint as filed, and cautioning Mr. Moffitt[3] that, "having amended once, he [was] not guaranteed the opportunity to amend again." ECF No. 20 (letter order memorializing call). I also granted Defendants leave to file motions to dismiss the amended complaint. *Id.*

As amended, Plaintiffs' complaint included Debt Collection Act violations claims against the Trustee, Asset Management, BWW, Tayyaba Monto, Kondaur, and West Coast, Am. Compl. 1–11, 16, ECF No. 21; Real Estate Settlement & Procedures Act violations claims against Kondaur and West Coast only, *id.* at 13–14, 18; and a replevin claim against Asset Management, *id.* at 21. It eliminated the John Doe Defendants. *Id.* at 1. In response to Plaintiffs' Amended Complaint, the six named Defendants filed the pending motions to dismiss, ECF Nos. 22 and 26. In addition to filing an opposition, ECF No. 27, Plaintiffs filed a Motion for Summary Judgment,

---

[3] Regina Moffitt did not participate in the call, but she received a copy of the letter order memorializing the call. ECF No. 20.

ECF No. 28, and a Motion for Leave to File a Second Amended Complaint, ECF No. 31, to which they attached their proposed Second Amended Complaint, ECF No. 31-1. I struck both of Plaintiffs' motions for failure to comply with the Case Management Order. July 24, 2015 Ltr. Order, ECF No. 40. I noted, however, that "Plaintiffs' proposed Second Amended Complaint, ECF No. 31-1, only includes Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Substitute Trustees, and Asset Management West 18, LLC as Defendants." July 24, 2015 Ltr. Order. On that basis, I dismissed the claims against Defendants BWW, Kondaur, Tayyaba Monto, and West Coast. *Id.*

Consequently, all that remain are Plaintiffs' claims in their Amended Complaint against Asset Management and the Trustee. Insofar as the pending motions to dismiss also seek dismissal of the claims against the defendants that already have been dismissed in the July 24, 2015 Letter Order, the motions will be denied as moot.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiffs' Amended Complaint is to be construed liberally, given that are proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction does not, however, absolve Plaintiffs from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam) (internal citations omitted).

### III. DEBT COLLECTION ACT (COUNTS I AND II)

The Debt Collection Act "'protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage.'" *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). Pursuant to 15 U.S.C. § 1692e, a debt collector may not use "'any false, deceptive, or misleading representation or means in debt collection and provides a non-exhaustive list of prohibited conduct.'" *Id.* (quoting *Nat'l Fin. Servs.*, 98 F.3d at 135 (quotation marks omitted)). Specifically, § 1692e(4) forbids a debt collector from "represent[ing] or impl[ying] that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or

wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." And, § 1692e(5) forbids a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

> Pursuant to § 1692g(a), a debt collector must provide written notice to the consumer of
>
> "(1) the debt amount; (2) the name of the current creditor; (3) a statement that, if the consumer disputes the debt in writing within 30 days, the collector will send verification of the debt to the consumer; (4) a statement that if the consumer does not dispute the debt within 30 days the collector will assume the debt to be valid; and (5) a statement that the collector will send the name of the original creditor, upon written request within 30 days."

*Grant-Fletcher v. McMullen & Drury, P.A.*, 964 F. Supp. 2d 514, 520 (D. Md. 2013) (quoting *Miller v. Payco–Gen. Am. Credits, Inc*., 943 F.2d 482, 483 (4th Cir. 1991) (citing 15 U.S.C. § 1692g(a))). This notice must be provided within five days after the debt collector initially communicates with the consumer. 15 U.S.C. § 1692g(a). If, within the 30-day period provided in § 1692g(a) for the consumer to respond, the consumer disputes the debt in writing or "requests the name and address of the original creditor," then § 1692g(b) requires the debt collector to "cease collection of the debt," insofar as it is disputed, "until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

Plaintiffs claim that Defendants violated 15 U.S.C. §§ 1692e(4) and (5), and 1692g(a) and (b). To state a claim for relief under any provision of the Debt Collection Act, or "FDCPA," Plaintiffs must allege that "'(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Stewart*, 859 F. Supp.

2d at 759 (citation omitted); *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 524 (D. Md. 2013) (citing 15 U.S.C. § 1692).

Assuming *arguendo* that Defendants are debt collectors for purposes of the Debt Collection Act and that they attempted to collect a consumer debt from Plaintiffs, Plaintiffs failed to plead adequately that either Defendant violated the Debt Collection Act. I will consider each of Plaintiffs' allegations regarding the Trustee and Asset Management in turn.

Plaintiffs claim generally that "defendants have falsely asserted various rights or claims." Am. Compl. 5. This threadbare allegation fails to identify the rights Defendants asserted or how Defendants asserted those rights, and consequently is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678–79; *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1265, 2013 WL 6909156, at *5 (D. Md. Dec. 31, 2013) (concluding that plaintiff failed to state a Debt Collection Act violation claim where "the complaint and incorporated exhibits [were] wholly devoid of any allegations concerning *how* Defendant made any false, deceptive, or misleading representations" (emphasis added)), *reconsideration denied*, No. DKC 13-1265, 2014 WL 994066 (D. Md. Mar. 13, 2014), *aff'd*, 584 F. App'x 68 (4th Cir. 2014); *Hill v. Wilmington Fin., Inc.*, No. 13-CV-524-RWT, 2013 WL 4659704, at *4 (D. Md. Aug. 29, 2013) (dismissing Debt Collection Act claim for failure to state a claim where "Complaint lack[ed] specific allegations concerning the time, dates, *conduct*, or actors involved in any violation of the FDCPA" (emphasis added)); *Montalbano v. Nat'l Arbitration Forum, LLC*, No. RWT 10CV2237, 2012 WL 3233595, at *5 (D. Md. Aug. 3, 2012) (concluding that plaintiff "fail[ed] to plead a valid FDCPA claim" where, *inter alia*, plaintiff "assert[ed] that Defendants used 'the rubber stamp [and] boilerplate verifications' in order to create false impressions during the debt collection process," but his claim "merely recite[d] elements of an FDCPA claim and allege[d]s no facts surrounding any of

7

the events that supposedly give rise to Plaintiff's specific cause of action" (citation to complaint omitted)); *Jones v. Fisher Law Grp., PLLC*, 334 F. Supp. 2d 847, 851 (D. Md. 2004) (concluding that plaintiff failed to state claim under Debt Collection Act because allegation that defendant "'used deceptive means to attempt to collect . . . purported debt'" was a "mere conclusory statement[] that quote the FDCPA" and the complaint did not include "any specific allegations of deception or wrongdoing by [defendant] that would properly allege a violation of the FDCPA").

In contrast, Plaintiffs allege with some specificity that the Trustee made "false certifications and false notices indicating its intent to foreclosure upon the plaintiff's property." Am. Compl. 1. Additionally, Plaintiffs claim in conclusory terms that the Trustee "threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiff, evict her, and then sue her for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income." *Id.* at 2. Certainly a *false* representation that the Trustee intended to foreclose on Plaintiffs' Property could violate § 1692e(4) or (5). Yet, Plaintiffs' own pleadings (as well as a review of the state court docket) belie that claim, as Plaintiffs also allege that the Trustee "sold plaintiff's property" in a "foreclosure action," thereby establishing the truth of any representation the Trustee made with regard to the impending foreclosure action and sale of the Property, and establishing that the Trustee did, indeed, intend to foreclose. *See* Am. Compl. 1–2.

Plaintiffs also assert that the Trustee "sold plaintiffs' property but did not have the rights to do so." Am Compl. 2. Although Plaintiffs vaguely suggest that the foreclosure was unlawful, this conclusory allegation is insufficient to state a claim under 15 U.S.C. § 1692e(4) or (5). *See Iqbal*, 556 U.S. at 678–79; *Montalbano*, 2012 WL 3233595, at *5; *Jones*, 334 F. Supp. 2d at 851. Likewise, while Plaintiffs allege that the Trustee "failed to provide the Plaintiff with validation

of debt within five business days of contacting her," Am. Compl. 3, Plaintiffs have not stated sufficient facts to allege a violation of § 1692g(a) or (b). Significantly, the statute does not require a debt collector to validate a debt within five days of contacting a consumer to collect that debt. *See Shah v. Collecto, Inc.*, No. DKC04-4059, 2005 WL 2216242, at *6 (D. Md. Sept. 12, 2005) (concluding that plaintiff who alleged that defendant "violated § 1692g, by 'fail[ing] to validate the alleged debt within 30 days' of receiving Plaintiff's November 29, 2003, dispute letter" could "'prove no set of facts in support of his claim which would entitle him to relief'" because "there is no specified time period within which the debt collector must complete the verification"). Rather, it requires the debt collector to notify the consumer within five days of initial contact of his or her *right to seek validation* within thirty days. *See* 15 U.S.C. § 1692g(a).

Plaintiffs lodge various other Debt Collection Act claims: the Trustee "used these notices [of foreclosure] to intimidate the plaintiff and coerce each of them into making financial disclosures"; "asked the Plaintiff for the location of her place of employment and threatened to garnish her wages"; "contacted third parties to discuss the foreclosure action"; "made inquiries on plaintiff's credit report without any permissible purpose"; and "disclosed . . . banking and personal information to third parties." Am. Compl. 2–3. They also allege that the Trustee and Asset Management tried "to intimidate the plaintiff by having individuals trespass on her property and taking photographs without permission," and they "acquired the personal and banking information of the plaintiff and . . . used that information for [their] own personal gain." *Id.* 15 U.S.C. § 1692g(a) and (b) pertain to consumer notice and debt validation, neither of which is the subject of these allegations, and therefore these allegations cannot state a claim for a violation of § 1692g(a) or (b). *See Shah*, 2005 WL 2216242, at *6 (discussing § 1692g); *see also Iqbal*, 556 U.S. at 678–79. Further, none of these allegations is a claim that either Defendant

9

suggested that Plaintiffs would be arrested or imprisoned or that the Property would be sold unlawfully, or that either Defendant threatened to take an illegal action. Thus, none of these allegations suffices to state a claim for a violation of 15 U.S.C. § 1692e(4), which specifically forbids a debt collector from "represent[ing] or impl[ying] that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," or § 1692e(5), which forbids a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." *See* 15 U.S.C. § 1692(e)(4)–(5); *Pugh v. Corelogic Credco, LLC*, No. 2013 WL 5655705, at *3 (D. Md. Oct. 16, 2013) (concluding that plaintiff failed to state claim under Debt Collection Act where plaintiff failed to "provide factual support bearing on Defendant's purported misconduct under the FDCPA"); *see also Iqbal*, 556 U.S. at 678–79. Therefore, Count I against the Trustee for Debt Collect Act violations, and Count II against Asset Management for Debt Collect Act violations, ARE DISMISSED. *See* Fed. R. Civ. P. 12(b)(6).

### IV. REPLEVIN (COUNT X)

Plaintiffs seek the return of

> [a] promissory note with a face value of $242,900 that was executed by the plaintiff(s) on the date of September 18th 2007, and recorded on September 28th 2007, *for the purpose of obtaining title to real estate* identified as described in this Complaint, and secured by a trust deed executed on the same day by the same plaintiffs and recorded in the public records as explained in this Complaint.

Am. Compl. 21 (emphasis added). Alternatively, they seek "compensation . . . for the value of the property." *Id.* at 22. However, "damages measured by the full value of the goods sought are not recoverable in replevin." *Wallander v. Barnes*, 671 A.2d 962, 971 (Md. 1996).

Moreover, although Plaintiffs present their claim as one for the Note, it is clear that what they seek is title to the Property. *See id.* Therefore, Plaintiffs' claim is for the return of real property, not personal property. Significantly, a party may seek recovery of personal property, not real property, in a claim for replevin.[4] *See Jenks v. Clay Prods. Mfg. Co.*, 115 A. 123, 128 (Md. 1921) (noting that the plaintiff "could have recovered its real property in an action of ejectment, and could have resorted to an action of replevin for the recovery of its personal property"); *Kennerly v. Wilson*, 1 Md. 102, 104 (1851) ("In *real* actions, the proceedings are *in rem*, for the recovery of real property only; and in *personal* actions, they are *in personam*, for the recovery of specific chattels, or some pecuniary satisfaction or recompense. Personal actions [include] detinue, replevin . . . ."). Therefore, Plaintiffs have not stated a claim for replevin. *See Jenks*, 115 A. at 128; *Kennerly*, 1 Md. at 104. Count X IS DISMISSED. *See* Fed. R. Civ. P. 12(b)(6).

## V. DISMISSAL WITH PREJUDICE

"'The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'" *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, the plaintiff should be afforded the opportunity to amend, *see id.*, or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same).

---

[4] Perhaps the claim should be construed as one in detinue, as "[m]odern replevin in Maryland is a pre-judgment, but post-probable cause determination, seizure." *Wallander v. Barnes*, 671 A.2d 962, 971 (Md. 1996). Even so, detinue actions, like replevin actions, pertain to personal, not real, property. *See Kennerly v. Wilson*, 1 Md. 102, 104 (1851).

However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel*, 950 F. Supp. 2d at 825–26. The Fourth Circuit has explained:

> While a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.

*McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citation omitted).

As noted, Plaintiffs amended their Complaint after Defendants filed their letter requests to move for a more definite statement, in which Defendants identified Plaintiffs' pleading deficiencies and stated explicitly that Plaintiffs' allegations lacked "specific content." Despite that guidance, Plaintiffs failed to cure their pleading deficiencies. Moreover, after I struck Plaintiffs' motion to file a second amend complaint for failure to comply a Case Management Order, Plaintiffs did not seek a pre-motion conference to file a proper motion to amend in response to Defendants' motions to dismiss. Thus, considering Plaintiffs' failure to state a claim despite the helpful input they received, dismissal with prejudice is appropriate. *See Weigel*, 950 F. Supp. 2d at 825–26; *Adams*, 524 F. App'x at 900.

## **ORDER**

Accordingly, it is, this 2nd day of November, 2015, hereby ORDERED that

1. Asset Management's Motion to Dismiss, ECF No. 22, IS GRANTED IN PART AND DENIED IN PART AS MOOT, as follows:

    a. The Motion IS GRANTED as to Counts II and X against Asset Management, and

b. The Motion IS DENIED AS MOOT as to the claims against the former defendants;

2. The Trustee's Motion to Dismiss, ECF No. 26, IS GRANTED IN PART AND DENIED IN PART AS MOOT, as follows:

    a. The Motion IS GRANTED as to Count I against the Trustee, and

    b. The Motion IS DENIED AS MOOT as to the claims against the former defendants;

3. This case IS DISMISSED WITH PREJUDICE; and

4. The Clerk IS DIRECTED to CLOSE THIS CASE and MAIL a copy of this Memorandum Opinion and Order to Plaintiffs.

/S/
Paul W. Grimm
United States District Judge

lyb